### HAT-SWEAT MANUF'G CO. *v.* WARING *et al.*

*(Circuit Court, S. D. New York. April 13, 1891.)*

PATENTS FOR INVENTIONS—LICENSE—ROYALTIES—FRAUD.

> Where the patentee of a hat-sweat appliance induces a hat manufacturing company to accept a license to use the patent under representations that other hat manufacturers are paying the schedule rates for royalties, when in fact they are only paying one-half of those rates, the company so imposed upon is not liable for the royalties agreed to be paid, and may have the license canceled.

At Law.

*John R. Bennett*, for complainant.
*Wetmore & Jenner*, for defendants.

LACOMBE, Circuit Judge. Although the testimony is voluminous, this seems to be an exceedingly plain case. That before the execution and delivery of the written license upon which the suit is brought the complainant by its agents represented to the defendant Waring that the leading hat manufacturers (who composed the organization known as "The Associated Hat Manufacturers") had paid up their back royalties, and had agreed to take licenses, and were paying royalties thereunder at the rates specified in the license to the defendants, is indisputably proved by the complainant's printed circular, and by the written certificate, signed, when the license was delivered, by Van Gelder, as its manager. So far as there is any conflict between the witnesses Van Gelder and Waring as to any more detailed representations, these documents fully confirm the testimony of the latter, and discredit that of the former; but it is not necessary to strike any balance between the testimony of these two witnesses. The undisputed evidence of these documents proves the making of the representations above set forth. The defendant Waring, who acted for the defendant corporation in obtaining the license, testifies that these representations induced him to give up fighting the patent, and to accept the license. To the processes of his own mind he is undoubtedly the best witness, and there is no good reason shown for discrediting his statement. On the contrary, in view of the *consensus* of testimony that in the business of hat manufacture competition is sharp, and success dependent upon small savings in the cost of production, it might almost be admitted without further proof that representations as to what the use of complainant's patented articles cost rival manufacturers were material. Waring's testimony that he relied upon them is therefore reasonable, and there is no good reason why it should not be believed. Upon the proof it seems reasonably certain that the statement that rival manufacturers had paid up their back royalties was untrue, but it is not necessary to so hold in order to dispose of this case. The other representation, viz., that they had paid and were paying for current royalties the schedule rates, is shown to be false by the indisputable evidence of the agreement between the complainant and the 15 or 20 leading manufacturers who signed it, and by the acts of the parties

thereto. It is shown conclusively that at the very time the representations were made and the license taken by defendants the favored licensees were paying the schedule rates with one hand and receiving 50 per cent. thereof back again from the complainant with the other, through a tortuous and carefully disguised channel. Defendants may take a decree canceling the license and dismissing the bill.